**In re AUTO–PAK, INC., Debtor.**

**Bryan S. ROSS, Trustee, Plaintiff,**

**v.**

**NATIONAL BANK OF COMMERCE, Defendant.**

**Bankruptcy No. 84–00170.
Adv. P. No. 84–0187.**

United States Bankruptcy Court, District of Columbia.

June 20, 1985.

Bryan S. Ross, Earl H. Douple, Washington, D.C., for debtor and plaintiff.

Gary A. Rosen, Bethesda, Md., for defendant.

## OPINION AND ORDER

GEORGE FRANCIS BASON, Jr., Bankruptcy Judge.

This adversary proceeding arose as a result of a series of transactions involving Auto-Pak, Inc. ("the Debtor"), National Bank of Commerce ("the Bank"), and Richard DeFranco, sole shareholder of the Debtor. On October 24, 1983, DeFranco borrowed $3,060 from the Bank. In four separate transactions occurring subsequent to the date of the loan, the Debtor transferred a total of $3,058.14 to the Bank.[1] Upon receipt of each payment from the Debtor, the Bank reduced DeFranco's outstanding balance by an equivalent amount. On March 30, 1984, the Debtor filed a Chapter

7 bankruptcy petition.[2] The Trustee brings this motion for summary judgment claiming that the four transfers from the Debtor to the Bank are voidable under either section 547 or section 548 of Title 11, United States Code ("Bankruptcy Code"). The Court finds that partial summary judgment in the amount of $1,950.00 is warranted under section 547, and states the following reasons for its decision.

■ The transfers of a total of $1,950.00 from the Debtor to the Bank were voidable preferences under 11 U.S.C. § 547. To fall within the meaning of section 547, the transfer must be "to or for the benefit of a creditor." See 11 U.S.C. § 547(b)(1). The Bankruptcy Code states that "creditor" includes an "entity that has a *claim* against the debtor...." See 11 U.S.C. § 101(9)(A). A "claim", in turn, is a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured." See 11 U.S.C. § 101(4)(A). Given the broad definition of claim in section 101(4)(A), a proof of claim filed pursuant to section 501 is sufficient to qualify the filing person as a creditor. DeFranco filed a proof of claim against the Debtor on April 9, 1985.[3] Consequently he is a creditor within the meaning of section 101(9)(A). Moreover, since his own obligations to the Bank were decreased in accord with payments received by the Bank from the Debtor, the transfers from the Debtor to the Bank were "for the benefit" of a creditor, i.e., DeFranco. The Court thus is satisfied that the elements of section 547(b)(1) have been met.

---

1. The four transfers from the Debtor to the Bank are summarized as follows:

| Date of Transfer | Amount of Transfer |
| --- | --- |
| 12–19–83 | $1,058.14 |
| 1–10–84 | $ 650.00 |
| 2–07–84 | $ 650.00 |
| 3–09–84 | $ 650.00 |

2. The significance of the filing date under these facts is that the statutory presumption of insolvency under section 547(b)(4)(A) only applies to the last three transfers. True it is that the 1984 Bankruptcy Amendments Act amended § 547(b)(4) in such a way that, as to "insiders,"

the presumption extends for a full year prior to filing, but that amendment is effective only as to cases filed after October 8, 1984. P.L. 98–353, § 353(a). The case to which this adversary proceeding relates was filed on March 30, 1984.

The first transfer, on December 19, 1983, is 102 days prior to the filing date. Section 547(b)(4) (as it applies to this pre-October 8, 1984 case) only raises the presumption of insolvency for the 90 days prior to the date of filing, i.e., on or after December 31, 1983.

3. The claim was for $45,855.76, and was filed as claim number 43 on the Claims Register.

Section 547(b)(3) further requires that the Debtor be insolvent at the time of the transfer. 11 U.S.C. § 547(b)(3). Section 547(b)(4), in turn, states a presumption of the Debtor's insolvency for any transfer on or within 90 days before the date of filing. 11 U.S.C. § 547(b)(4). The last three of the four payments at issue occurred after December 31, 1983, which is the ninetieth day prior to the date of filing on March 30, 1984. This means that a statutory presumption arises that the Debtor was insolvent at the times of these transfers. *See supra* notes 1–2 and accompanying text. The Court is satisfied that this statutory presumption meets the requirement of section 547(b)(3) and that the Debtor was insolvent at the time of each of the last three transfers.

■ The Trustee argues that the Debtor was insolvent during the first transfer both under the "insider" provision of section 547 and under the balance sheet test. Neither of these arguments is persuasive to the Court. The "insider" provision of section 547(b)(4)(B), which extends the presumption of insolvency to one year prior to filing, is inapplicable in this case. That provision was part of the 1984 Bankruptcy Amendments Act, and § 553(a) of that Act explicitly provides that the amendment is effective only as to cases filed after October 8, 1984. P.L. 98–353, § 553(a). Accordingly, the March 30, 1984 filing date for this action makes the 1984 "insider" amendment irrelevant. The Trustee, therefore, retains the burden of showing the Debtor's insolvency on the date of the first transfer, unaided by any statutory presumption.

■ The Trustee asserts in his memorandum that use of the balance sheet test shows that the Debtor was insolvent during the entire 105 day period prior to filing, including the 105th day, when the first payment was made. In support of this the Trustee notes that at the time of filing the Debtor had assets equalling $50,031 and liabilities equalling $214,853.08. Trustee's

Motion for Summary Judgment (filed April 22, 1985). This means that the Debtor was legally insolvent on the date of filing. But was the Debtor legally insolvent on December 19, 1983, when the first of the four transfers to the Bank was made? The Trustee presents no affidavit which would support such a finding for that date. In the absence of either a presumption or any evidence of insolvency at the time of the first transfer, this Court cannot grant summary judgment as to that payment.

■ An argument of counsel does not carry the same weight, for purposes of a summary judgment motion, as the sworn affidavit of a competent witness. It is possible that summary judgment could be granted, based in part upon the same facts alleged in the Trustee's argument, if those facts were set forth in an affidavit of a competent witness (including perhaps the Trustee himself), and if the witness could truthfully assert that, based on those facts and on other relevant facts (also set forth by affidavit), the witness draws the inference that the Debtor must have been insolvent on the relevant date.

However, since the Debtor was, by statutory presumption, insolvent for the 90 days prior to filing, and since no other elements of section 547 are in doubt,[4] the Court must and does conclude that there is no genuine dispute as to any material fact relating to the last three transfers and that as a matter of law those transfers are voidable preferences within the meaning of 11 U.S.C. § 547.

NOW THEREFORE IT IS ORDERED, ADJUDGED AND DECREED that the last three transfers at issue are voidable preferences pursuant to 11 U.S.C. § 547, and therefore the Trustee's motion for summary judgment is granted in part to the extent of $1,950.00; and it is

FURTHER ORDERED that, if an affidavit by a competent witness of the Debtor's insolvency on December 19, 1983 is filed

---

**4.** It is noteworthy that the Bank has filed no opposition to this summary judgment motion. Although the Trustee's argument is successful in

and of itself, such silence by the Bank may suggest the difficulty of making a sound legal argument in opposition to the Trustee's motion.

within 15 days after this order is entered, and remains unrebutted for ten (10) days thereafter, then summary judgment will be granted with respect to the December 19, 1983 transfer as well.